UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK, by
LETITIA JAMES, Attorney General of the State of
New York and LINDA LACEWELL, Superintendent
of Financial Services of the State of New York,

                              Plaintiffs,

      - against -

VISION PROPERTY MANAGEMENT, LLC; KAJA
HOLDINGS 2, LLC; RVFM 11 SERIES, LLC; DSV
SPV 1, LLC; DSV SPV 2, LLC; DSV SPV 3, LLC;
ALAN INVESTMENTS III, LLC; BOOM SC, LLC;
YORA, LLC; RVFM 4 SERIES, LLC; RVFM 13
SERIES, LLC and ALEX SZKARADEK,

                              Defendants.
-----------------------------------------------------------------------x

No. 19-CV-7191 (JSR) (OTW)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/14/20

## [PROPOSED] STIPULATED ORDER AND FINAL JUDGMENT

Plaintiffs, the People of the State of New York, by Letitia James, Attorney General of the State of New York ("NYAG"), and Linda Lacewell, Superintendent of Financial Services ("Plaintiffs") commenced this civil action (the "Action") by Complaint on August 1, 2019 and filed a First Amended Complaint on September 27, 2019 to obtain injunctive and monetary relief and civil penalties from defendants Vision Property Management, LLC, Kaja Holdings 2, LLC, RVFM 11 Series, LLC, DSV SPV 1, LLC, DSV SPV 2, LLC, DSV SPV 3, LLC, Alan Investments III, LLC, Boom SC, LLC, Yora, LLC, RVFM 4 Series, LLC, RVFM 13 Series, LLC and Alex Szkaradek (collectively the "Defendants").

# FINDINGS

1. This Court has jurisdiction over the Parties and the subject matter of this Action under 28 U.S.C. §§ 1331 and 1337(a), 12 U.S.C. § 5552(a)(1), 12 U.S.C. § 5565(a)(1), and 28 U.S.C. § 1367(a).

2. Venue in the Southern District of New York is proper under 28 U.S.C. § 1391(b) and 12 U.S.C. § 5564(f).

3. The Complaint (ECF No. 1) and First Amended Complaint (ECF No. 24) (together, the "Complaint") allege that Vision engaged in an illegal, disguised seller financing business in New York since 2011 in violation of the following laws and regulations: the Consumer Financial Protection Act 12 U.S.C. § 1601 *et seq*; New York Executive Law § 63(12); New York General Business Law ("GBL") § 349; New York Banking Law Article 12-D; New York Banking Law §§ 6-l and 6-m; 3 CRR-NY §§ 41.3(a) and 41.4(a); 3 CRR-NY § 420.18; New York Financial Services Law § 408; Truth in Lending Act, 15 U.S.C. § 1601 *et seq* and Regulation Z, 12 C.F.R. § 1026 *et seq*; and New York Real Property Law § 235-b.

4. Defendants neither admit nor deny any of the allegations of the Complaint, except as specified in this Stipulated Order and Final Judgment (the "Final Judgment"). Defendants admit the facts necessary to establish this Court's jurisdiction over it and the subject matter of this Action.

5. Each Party, by its counsel, has executed the Consent and Stipulation filed contemporaneously with this Final Judgment, consenting to the entry of this Final Judgment by the Court without further notice.

6. Each Party waives all rights to seek judicial review or otherwise challenge or contest the validity of this Final Judgment. Each Party agrees to bear its own costs and expenses, including, without limitation, attorneys' fees.

7. Entry of this Final Judgment is in the public interest.

## DEFINITIONS

8. The following definitions apply to this Final Judgment.

9. **"Residential Property Agreement" or "Residential Property Agreements"** means any contract entered into by a Consumer by which such Consumer agrees to lease, is purported to lease, agrees to purchase or acquire, or obtains the right or option to purchase or acquire any interest in, any Residential Real Property in exchange for making periodic payments however denominated, to Defendants over time. Such term shall include any Contract for Deed, Land Installment agreement, Land Contract, Lease with Option to Purchase agreement, Mortgage, or any similar agreement offered, entered into or purchased by Defendants.

10. **"Assisting Others" or "Assist Others"** includes:
   a. performing customer service functions, including receiving or responding to consumer complaints;
   b. formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email or other electronic communication;
   c. formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including web or Internet Protocol

addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

d. providing names of, or assisting in the generation of, potential Consumers;

e. performing marketing, billing, or payment services of any kind; and/or

f. acting or serving as an owner, officer, director, manager, or principal of any Entity and where the Entity performs or provides any of the above in this paragraph 10.

11. **"Consumer"** or **"Consumers"** means one or more natural persons who entered into a Residential Property Agreement.

12. **"Effective Date"** means the date on which this Final Judgment is entered on the docket in this Action.

13. **"Entity"** means any corporation, company, limited liability company or corporation, partnership, limited partnership, association, or other firm or similar body, or any unit, division, agency, department, or similar subdivision thereof, except where Defendants, individually and collectively, neither possess (directly or indirectly) the power to direct or cause the direction of the management and policies of such entity, nor own 10 percent or more of the outstanding voting stock or ownership interest of such entity.

14. **"Residential Real Property"** means real property located in the state of New York improved by a one-to-four family residential dwelling.

## FINAL JUDGMENT AND ORDER

15. All parts of this Final Judgment shall be binding on and apply to Defendants and, as applicable; their, successors and assigns, including merged or acquired entities and wholly-

owned subsidiaries who receive actual notice of this Final Judgment, whether acting directly or indirectly.

I. **Prohibition on Unlawful Acts**

**IT IS ORDERED THAT:**

16. Defendants shall not engage in acts, practices or conduct that violates the following laws and regulations: the Consumer Financial Protection Act 12 U.S.C. § 1601 *et seq*; New York Executive Law § 63(12); New York General Business Law ("GBL") § 349; New York Banking Law Article 12-D; New York Banking Law §§ 6-l and 6-m; 3 CRR-NY §§ 41.3(a) and 41.4(a); 3 CRR-NY § 420.18; New York Financial Services Law § 408; Truth in Lending Act, 15 U.S.C. § 1601 *et seq* and Regulation Z, 12 C.F.R. § 1026 *et seq*; and New York Real Property Law § 235-b.

II. **Additional Prohibited Conduct**

**IT IS FURTHER ORDERED THAT:**

17. Defendants are permanently restrained and enjoined from engaging in the following activities in New York:

   a. Purchasing, selling, managing or leasing any Residential Real Property except as expressly provided for in this Final Judgment or for their own personal use and enjoyment;

   b. Assisting Others in purchasing, selling, managing or leasing any Residential Real Property except as expressly provided for in this Final Judgment;

   c. Providing any form of financing for the purchase or sale of Residential Real Property;

d. Assisting others in the financing of any purchase or sale of Residential Real Property;

e. Advertising, marketing, or promoting, except as expressly provided for in this Judgment, the purchase, sale or lease of any Residential Real Property or the financing of the purchase or sale of any Residential Real Property;

f. Assisting Others in the advertising, marketing, or promoting the purchase, sale or lease of any residential real property or the financing of the purchase or sale of any Residential Real Property;

g. Servicing, collecting, attempting to collect, assigning any right to collect payment from any Consumer relating to a Residential Property Agreement; and

h. Taking any action to evict or foreclose on any Consumer occupying a Residential Real Property or suggesting, requesting or pressuring any Consumer occupying a Residential Real Property to give up his or her rights to or residency at a Residential Real Property.

18. All injunctive relief contained herein applies to any legal Entity that Defendant Szkaradek currently controls or has an ownership interest in or any legal Entity that Defendant Szkaradek obtains an ownership interest in or control of in the future.

### III. Defendants' Obligations Regarding Consumer Information

**IT IS FURTHER ORDERED THAT:**

19. Except as permitted by, or to effect a transaction required by this Final Judgment, Defendants are permanently restrained and enjoined from directly or indirectly disclosing, using or benefitting from any information relating to any Consumer obtained prior to entry of this Final Judgment, including the name, address, telephone number, email address, social security

number, FSA ID, or other identifying information, or any data that enables access to a consumer's account (including a student loan account, credit card, bank account, or other financial account).

## IV. Monetary Restitution

**IT IS FURTHER ORDERED THAT:**

20. By reason of the violations of law alleged in the Complaint, judgment for restitution in the amount of $600,000 is hereby entered in favor of the Plaintiffs against Defendants, jointly and severally.

21. Defendants shall pay the $600,000 in restitution via wire transfer to the Office the New York Attorney General, pursuant to wire instructions provided by the NYAG, on the following schedule:

   a. $150,000 within 30 days of the Effective Date;

   b. $150,000 within 60 days of the Effective Date;

   c. $150,000 within 90 days of the Effective Date; and

   d. $150,000 within 120 days of the Effective Date.

22. The NYAG will immediately place the restitution payments made pursuant to paragraph 21 into an escrow account (the "Vision Escrow Account") when received from Defendants.

23. The NYAG will pay each Consumer who entered into a Residential Property Agreement with Defendants on or after December 12, 2011, who did not receive any compensation under the settlement obtained by the Plaintiffs from Atalaya Capital Management (Assurance No. 19-104, attached as Exhibit A to this Consent Judgment) and who will not receive restitution pursuant to paragraphs 26-27 below the amount of $22,641.50 each from the

Vision Escrow Account. Plaintiffs represent that to the best of their knowledge, based in part on the information provided by Defendants, these Consumers are those listed in Confidential Appendix I. To the extent multiple Consumers listed in Appendix I jointly signed a Residential Property Agreement, the $22,641.50 shall be divided equally between or among them.

24. After the Consumers listed in Appendix I are paid pursuant to paragraphs 23, the NYAG, in consultation with Plaintiff Linda Lacewell, Superintendent of Financial Services, in the Plaintiffs' sole discretion, will distribute the remainder of the restitution in the Vision Escrow Account to Consumers who entered into Residential Property Agreements.

## V. Non-Monetary Restitution

**IT IS FURTHER ORDERED THAT:**

25. By reason of the violations of law alleged in the Complaint, judgment for non-monetary restitution in the amount of $3,161,805 is hereby entered in favor of the Plaintiffs against Defendants, jointly and severally.

26. Within 30 days from the Effective Date, Defendants shall offer to void and terminate the Residential Property Agreements for the Residential Real Properties listed in Confidential Appendix II and offer to transfer legal title to all such properties to the Consumers listed in Confidential Appendix II, free and clear of any mortgages, liens, debts, judgments or other such encumbrances ("Defendants' Offer").

27. For every Consumer that accepts or does not reject Defendants' Offer within 30 days after receiving notice of Defendants' Offer to such Consumer, Defendants shall have 60 days thereafter to take all steps to void and terminate the applicable Residential Property Agreement for the Residential Property of each applicable Consumer and provide the deed and

all other legal instruments or documents necessary to pass full and clear legal title to the Consumer.

28. Any Consumer that rejects the Defendants' Offer must vacate the property within 90 days of informing the Defendants of their decision to reject Defendants' Offer, provided that Defendants must provide a Consumer who makes a good faith representation that they will face hardship if required to move within 90 days an additional 60 days to vacate the property. If a Consumer rejects the Defendants' Offer, Defendants will then void and terminate the applicable Residential Property Agreement for the Residential Real Property of such Consumer and provide notice thereof, as well as notice of the 90 days to vacate, to the Consumer. Defendants must provide notice to Plaintiffs within fifteen (15) days if a Consumer rejects the Defendants' Offer. Upon surrendering possession of the property to Defendants, the consumer may apply to the Plaintiffs for monetary restitution pursuant to paragraphs 23-24 above, and shall not be entitled to any further property or payment from Defendants under this Final Judgment. In the event a Consumer rejects Defendants' Offer and elects to receive monetary restitution pursuant to paragraphs 23-24 above, the non-monetary restitution to be paid by Defendants under paragraph 25 shall be reduced by such property not so transferred to the Consumer.

## VI. Sale of Unoccupied Properties and Wind Down of New York Operations
**IT IS FURTHER ORDERED THAT:**

29. Subject to paragraph 30, below, Defendants must sell or otherwise transfer any Residential Real Property that is not subject to a Residential Property Agreement with a Consumer within one year of the Effective Date. Each such property will be sold or otherwise transferred to an unaffiliated third party, including any unrelated natural person, who shall represent and warrant they are not and have never been subject to an investigation, proceeding or

claim by the State of New York or to a lawsuit or proceeding brought by the United States of America for practices violative of the laws identified in paragraph 3. Such sale shall not be financed, in any way, by Defendants, any person or Entity related to Defendants, or by any person or Entity acting on Defendants' behalf, and to the extent a 501(c)(3) entity that otherwise meets the requirements of this paragraph makes a bid or offer for a property sold under this paragraph that is on substantially similar or better terms to the highest bid or offer for such property that Defendants has received, Defendants shall sell such property to the 501(c)(3) entity on those terms.

30. The deadline to sell a property pursuant to paragraph 29 may be extended with the written consent of the Plaintiffs, not to be unreasonably withheld, upon a showing by Defendants that they were unable to sell that property on commercially reasonable terms with one year of the Effective Date.

31. For any property that is currently subject to a Residential Property Agreement for which the Consumer elects, pursuant to paragraph 28 above, not to accept transfer of title to the property, Defendants shall sell the property and transfer three-quarters of the proceeds of the sale to the NYAG, after closing costs and taxes, to be added to the monetary restitution to be paid by the Defendants and to be applied to the fund created pursuant to paragraphs 20-24 above and with any remainder to be kept by Defendants. Any sale of property pursuant to this paragraph shall be subject to the requirements for sale under paragraph 29.

32. The properties to be sold pursuant to paragraph 31 are to be sold within one year of the Effective Date, although the deadline may be extended with the written consent of the Plaintiffs, not to be unreasonably withheld, upon a showing by Defendants that they were unable to sell that property on commercially reasonable terms within one year of the Effective Date.

## VII. Compliance and Reporting Requirements

**IT IS FURTHER ORDERED THAT:**

33. Upon reasonable request, Defendants shall fully cooperate in any investigation undertaken by Plaintiffs related to Defendants' or their successors compliance with this Final Judgment, including by providing, without unreasonable delay, information, documents, testimony, and other evidence reasonably related to the question of Defendants' compliance with this Final Judgment. Any correspondence with Consumers concerning the terms of this Judgment, including any communications made related to the offers described in paragraph 26, shall be approved by Plaintiffs and shall include language informing the Consumer of the fact that a Consent Judgment was entered and how the Consumer can contact the Plaintiffs if they would like to obtain any additional information about the underlying case or its resolution.

34. For one year from the Effective Date, Defendants shall keep and maintain all contact information in their possession for each Consumer. Upon request, Defendants shall provide, within at least ten (10) days, sufficient information about Consumers, including contact information or information related to the amount of payments by Consumers, to enable the Plaintiffs to efficiently administer restitution called for by this Final Judgment.

35. Within one-hundred and eighty (180) days of the Effective Date, and annually for three (3) years thereafter, Defendants shall submit a compliance report, sworn under penalty of perjury that contains the following:

    a. at least one telephone number, one email, and one physical address as points of contact, which the Plaintiffs may use to communicate with Defendants;

b. names, telephone numbers, and physical, email, and Internet addresses of all businesses for which one or more of the Defendants is the majority owner, or that one or more of the Defendants directly or indirectly controls;

c. a description of any business activities that Defendants, their successor or assigns, or any Entity controlled by Defendants, has engaged in in New York; and

d. a description of the manner in which Defendants have complied with Section I through VII of this Final Judgment.

36. For five (5) years, Defendants shall submit to the Plaintiffs any notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against one or more Defendants within ten (10) days of its filing.

37. Any submission to the Plaintiffs required by this Final Judgment to be sworn under penalty of perjury shall be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

**VIII. Notices**

**IT IS FURTHER ORDERED THAT:**

38. Unless otherwise directed in writing by the Plaintiffs, Defendants shall provide all submissions, requests, communications, or other documents relating to this Judgment in writing, with the subject line, "People of the State of New York, *et al* v. Vision Property Management, LLC *et al*, Case No. 19-CV-7191" and send them by overnight courier or first-class mail to the below address:

> New York Attorney General's Office
> Bureau of Consumer Frauds and Protection
> Attention: Noah Popp
> 28 Liberty Street, 20th Floor
> New York, NY 10005

With a copy to:

> New York Department of Financial Services
> Attention: Cynthia Reed
> One State Street, 20th Floor
> New York, NY 10004

39. Unless otherwise directed in writing by the Defendants, Plaintiffs shall provide all submissions, requests, communications, or other documents relating to this Judgment to

> Vision Property Management, LLC
> Attention: Managing Member
> 16 Berryhill Road
> Columbia, SC 29210

### IX. Release

**IT IS FURTHER ORDERED THAT:**

40. Plaintiffs hereby release Defendants from all civil claims and causes of action brought by Plaintiffs arising from the subject matter of the Complaint, including any civil claims or causes of action that could be raised by Plaintiffs related to any Residential Property Agreement.

### X. Miscellaneous

**IT IS FURTHER ORDERED THAT:**

41. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Plaintiffs to enforce this Final Judgment, including in a proceeding to enforce their rights to any payment or monetary judgment pursuant to this Final Judgment, such as a nondischargeability complaint in any bankruptcy.

42. To the extent any Consumer has not received restitution as required under this Final Judgment, the facts alleged in the Complaint establish all elements necessary to sustain an action by the Plaintiffs pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Final Judgment will have collateral estoppel effect for such purposes.

43. Acceptance of and agreement to this Final Judgment by Plaintiffs shall not be deemed as approval by Plaintiffs of any of the practices or procedures referenced herein, and Defendants shall make no representation to the contrary.

44. Any failure of Plaintiffs to exercise any right under any provision of this Final Judgment shall not constitute a waiver of any rights of the Plaintiffs to enforce such provision prospectively.

45. The provisions of this Final Judgment shall be construed in accordance with the laws of New York.

46. Nothing in this Final Judgment shall relieve the Defendants of their obligation to comply with all local, State and federal laws.

47. If any clause, provision or section of this Final Judgment shall, for any reason, be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other clause, provision, or section of this Final Judgment and this Final Judgment shall be construed and enforced as if such invalid, illegal, or unenforceable clause, provision, or section had not been contained herein.

48. Nothing in this Final Judgment shall be construed to deprive any person of any private right of action under the law.

49. This Final Judgment may not be changed, altered or modified without further order of the Court, except as provided for in paragraph 4 of the Consent and Stipulation.

50. For purposes of Federal Rule 54(b), this Final Judgment is as to all parties and all claims in this Action.

51. This Final Judgment becomes effective upon entry by the Court.

### XI. Retention of Jurisdiction

**IT IS FURTHER ORDERED THAT:**

52. The Court will retain jurisdiction of this matter solely for the purpose of enforcing this Order and Final Judgment.

### XII. Service

**IT IS FURTHER ORDERED THAT:**

53. This Final Judgment may be served upon Defendants by and through service on Defendants' counsel, either by email, certified mail, or United States mail.

**IT IS SO ORDERED.**

DATED this 10th day of January, 2020.

*[signature]*
**Hon. Jed S. Rakoff**
**United States District Court Judge**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK, by            No. 19-CV-7191 (JSR) (OTW)
LETITIA JAMES, Attorney General of the State of
New York and LINDA LACEWELL, Superintendent
of Financial Services of the State of New York,

                              Plaintiffs,

        - against -

VISION PROPERTY MANAGEMENT, LLC; KAJA
HOLDINGS 2, LLC; RVFM 11 SERIES, LLC; DSV
SPV 1, LLC; DSV SPV 2, LLC; DSV SPV 3, LLC;
ALAN INVESTMENTS III, LLC; BOOM SC, LLC;
YORA, LLC; RVFM 4 SERIES, LLC; RVFM 13
SERIES, LLC and ALEX SZKARADEK,

                              Defendants.
------------------------------------------------------------x

## CONSENT AND STIPULATION

**IT IS HEREBY ACKNOWLEDGED, STIPULATED, CONSENTED TO AND AGREED,** by and between the undersigned parties as follows:

1. Defendants Vision Property Management, LLC, Kaja Holdings 2, LLC, RVFM 11 Series, LLC, DSV SPV 1, LLC, DSV SPV 2, LLC, DSV SPV 3, LLC, Alan Investments III, LLC, Boom SC, LLC, Yora, LLC, RVFM 4 Series, LLC, RVFM 13 Series, LLC and Alex Szkaradek (collectively "Defendants") hereby acknowledge receipt of a copy of the Stipulated Order and Final Judgment (the "Final Judgment") filed contemporaneously with this Consent and Stipulation.

2. Plaintiffs, the People of the State of New York, by Letitia James, Attorney General of the State of New York, and Linda Lacewell, Superintendent of Financial Services ("Plaintiffs," together with the Defendants, the "Parties" and separately each, a "Party") consent to the entry of the attached Stipulated Final Judgment and Order without further notice.

3. Defendants acknowledge receipt of a copy of this Consent and Stipulation and the Final Judgment.

4. Plaintiffs will serve Defendants' counsel with notice of entry of the Final Judgment promptly after its entry, if and when it may be entered.

5. This Consent and Stipulation is entered into by Defendants of their own free and voluntary act, with full knowledge and understanding of this proceeding and the obligations imposed by the Final Judgment.

4. The Plaintiffs have agreed to the terms of the Final Judgment based on, among other things, the representations made to them by Defendants and their counsel. To the extent that any material representations are later found to be inaccurate or misleading, the Final Judgment is voidable by Plaintiffs in their sole discretion.

5. Defendants enter into this Consent and Stipulation consenting to the entry of the attached Final Judgment to resolve the civil litigation against them and without admitting or denying any liability, wrongdoing or legal or factual issue alleged in the Complaint (ECF No. 1) and First Amended Complaint (ECF No. 24) (together, the "Complaint").

6. Defendants represent and warrant, through the signatures below, that the terms and conditions of this Consent and Stipulation are duly approved by each of them and the execution of this Consent and Stipulation is duly authorized by each of them.

7. Defendants agree not to take any action or make any statement denying, directly or indirectly, the propriety of the Final Judgment by expressing the view that the Final Judgment or its substance are without factual basis. Nothing in this Consent and Stipulation or Final Judgment affects Defendants': (a) testimonial obligations; or (b) right to take legal or factual positions in connection with litigation, administrative claims, investigations, or other legal proceedings, and/or to

deny allegations made by parties in other litigation, administrative claims, investigations, or legal proceedings to which neither of the Plaintiffs is a party.

8. A facsimile or e-mail transmission and signatures received by facsimile or e-mail shall be deemed an original for purposes of this Consent and Stipulation.

9. This Consent and Stipulation may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same agreement.

Dated: New York, New York
December 3, 2019

LETITIA JAMES
Attorney General of the State of New York
*Attorney for Plaintiff the People of New York*

By: JANE M. AZIA

*/s/ Jane M. Azia*
Bureau Chief
Bureau of Consumer Frauds & Protection

NOAH H. POPP

*/s/ Noah H. Popp*
Assistant Attorney General
Bureau of Consumer Frauds & Protection
28 Liberty Street
New York, NY 10005
Tel: 212-416-8915
Noah.Popp@ag.ny.gov

*/s/ Michael K.K. Choy*
Michael K.K. Choy*
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 458-5364
Facsimile: (205) 244-5616
mchoy@burr.com

*/s/ Thomas K. Potter, III by MKKC*
Thomas K. Potter, III*
BURR & FORMAN LLP
222 Second Ave. S., Suite 2000
Nashville, Tennessee 37201
Telephone: (615) 724-3231
Facsimile: (615) 724-3331
tpotter@burr.com

*Counsel for all Defendants*

*Pro Hac Vice

3

LINDA LACEWELL
Superintendent of Financial Services
New York State Department of Financial Services
*Counsel for Plaintiff*

By: PETER C. DEAN

*[signature]*

Deputy Superintendent
1 State Street
New York, New York 10004
(212)-480-5278
Peter.Dean@dfs.ny.gov

CYNTHIA M. REED

*[signature]*

Supervising Attorney
Consumer Protection and
Financial Enforcement Division
1 State Street
New York, New York 10004
(212)-709-3524
Cynthia.Reed@dfs.ny.gov

4